UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DEMITRIUS CLEMMER,

        Plaintiff,

        v.                                          Case No. 07-C-0855

DR. ENRIQUE LUY,
TOM GOZINSKE,
LYNN K. HINTZ, R.N.,

        Defendants.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE

        Plaintiff, Demitrius Clemmer, a former prisoner, brought this action pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment violations by employees of Fox Lake Correctional Institution. On March 19, 2008, the defendants moved for summary judgment on all of the plaintiff's claims.

        The defendants' motion was served properly; however, the plaintiff failed to timely respond to the motion. *See* Civil L.R. 7.1(c); 56.2. A status conference was held on April 23, 2008. At the conference, the defendants stipulated to the plaintiff's request for an extension of time, which this court granted and the plaintiff was provided until May 2, 2008, to file a response to the pending summary judgment motion.

BACKGROUND

        According to the Complaint, Clemmer was sentenced in 2001 to three years in prison for aggravated battery. At all times relevant, he was incarcerated at Fox Lake Correctional Institution. On September 21, 2001, Clemmer, while playing flag football, injured his right ring finger. He was taken to Waupun Memorial Hospital that

day and his finger was X-rayed, revealing a fracture. On September 26, 2001, Clemmer saw defendant Dr. Luy for follow up. Dr. Luy requested copies of film from Waupun Hospital before making any medical determinations. On October 3, 2001, Dr. Luy ordered a referral to orthopedics. Surgery was performed on Clemmer's finger on January 5, 2002, at the UW-Madison hospital and two pins were inserted.

Clemmer claims that by deliberately denying him access to appropriate medical attention and causing him long term deformity of the "finger of his right hand" and "limited ability to use his right hand grip, and the chronic pain from the pins implanted in his hand" the defendants, acting under color of law, violated his right to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments.

## SUMMARY JUDGMENT STANDARD

Pursuant to *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986), Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Further, pursuant to Civil Local Rules 7.1(c) and 56.2(b), any materials in opposition to a motion for summary judgment must be filed within thirty days from service of the motion and must include a specific response to the movant's

proposed findings of fact, clearly delineating only those findings to which it is asserted that a genuine issue of material fact exists.

As noted above, in this case, the motion for summary judgment was filed on March 19, 2008, and service was completed on plaintiff's counsel through the ECF system. The motion was supported by a brief, proposed findings of fact, and affidavits. Three arguments were offered in support of defendants' motion: the facts demonstrate that the plaintiff cannot prove the elements of his claim, defendants Gozinske and Hintz must be dismissed as they were not involved in treating the plaintiff, and the defendants are entitled to qualified immunity. The plaintiff failed to respond to the defendant's motion for summary judgment in compliance with the Civil Local Rules *and* failed to respond timely after being given an extension of time to file his response. Thus, the court takes as undisputed all facts which have been supported as required. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.").

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: (1) that they were deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious and (2) that the official acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir.2001); *see also Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000); *Estelle v. Gamble,* 429 U.S. 97 (1976).

3

Here, the plaintiff's claim is based on the assertion that the defendants failed to offer him medical treatment, evaluation, or care between September 26, 2001, and January 5, 2002, and that their inaction constitutes a violation of his right to be free from cruel and unusual punishment. However, the undisputed facts critically undermine this claim. They demonstrate that Clemmer was seen repeatedly by medical staff with regard to his ring finger injury, as well as an injury he suffered to another finger on December 25, 2001. Clemmer's fingers were x-rayed, treated, and he was prescribed medication for pain relief multiple times.[1]

As the evidence presented by the defendants established that the plaintiff cannot prove the essential elements of his claim—he cannot, at a minimum, show deliberate indifference to his health or safety—and has failed to put forth any evidence of his own, the defendants have met their burden in proving that they are entitled to judgment. *Celotex Corp*, 477 U.S. at 323 ("The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.").

Therefore,

IT IS ORDERED that the defendants' motion for summary judgment (Doc. # 16) is granted.

---

[1] Dr. Luy's Affidavit provides a detailed account of all the medical care received by Clemmer with regard to his injuries—thirty paragraphs covering nine pages. It discusses the care, medication, and attention received by Clemmer on September 21, 2001, September 26, 2001, December 20, 2001, December 23, 2001, December 26, 2001, January 4, 2002, January 22, 2002, January 30, 2002, February 18, 2002, March 7, 2002, March 13, 2002, March 29, 2002, and other dates. In addition, it notes times and dates when Luy reviewed Clemmer's records.

4

IT IS FURTHER ORDERED that the defendants' motion for summary judgment, filed May 5, 2008, (Doc. # 26) is denied as moot.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE